**In re Jason THACKER and Lori Thacker, Debtors.**

**Jason Thacker and Lori Thacker, Plaintiffs,**

**v.**

**Old National Bank and Unknown Claimants, Defendants.**

Bankruptcy No. 02–41379.

Adversary No. 02–6017.

United States Bankruptcy Court, S.D. Illinois.

March 27, 2003.

James Richard Myers, Vandalia, IL, for Debtors.

Bob G. Kearney, Benton, IL, trustee.

*OPINION*

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Complaint to Determine Nature, Extent, and Validity of Liens; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1. The Debtors filed for relief under Chapter 12 of the Bankruptcy Code on June 8, 2002.

2. Among the assets which constitute Debtors' bankruptcy estate are crops growing on certain parcels of real estate owned by the Debtors.

3. Defendant, Old National Bank, asserts a lien against the Debtors' growing crops pursuant to security agreements entered into prior to the Debtors' filing for bankruptcy relief.

4. Certain crops of the Debtors were planted after the filing of the bankruptcy petition, and Debtors claim that these crops should not be subject to the liens of Old National Bank, as they are after-acquired property pursuant to 11 U.S.C. § 552(a).

5. In response to the Debtors/Plaintiffs' assertions, Old National Bank argues that the crops planted post-petition are products of seed and inventory that was bought pre-petition. As such, the provisions of 11 U.S.C. § 552(a) are inapplicable, and Old National Bank should have a continuing lien on crops planted even after the filing of Debtors' bankruptcy petition.

## Conclusions of Law

The Debtors assert that, pursuant to 11 U.S.C. § 552(a), crops which were planted after the filing of the bankruptcy petition are not subject to any liens resulting from the security agreements of Old National Bank. Title 11 U.S.C. § 552(a) states:

(a) Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case.

In support of their position, the Debtors cite the case of *In re Randall,* 58 B.R. 289 (Bankr.C.D.Ill.1986). In *Randall,* Judge Lessen held that 35 acres of soy beans and 30 acres of corn planted by debtors after the filing of the bankruptcy petition constituted after-acquired property within the meaning of § 552(a) such that the defendant bank, which had a pre-petition, perfected first security interest in crops, did not have a security interest in the soy beans and corn planted after debtors' bankruptcy petition.

In arguing against the Debtors' position, Old National Bank cites the case of *In re Wiegmann,* 95 B.R. 90 (Bankr.S.D.Ill. 1989), wherein Judge Meyers held that a creditor's lien on "products" of debtor's dairy cattle extended to milk produced post-petition and to proceeds from its sale. In *Wiegmann,* the Court found that the exception of subsection (b) of 11 U.S.C. § 552 applied for the reason that the defendant bank in that case held a security interest in property acquired by the debtor before the commencement of the case which was used to create a product following the filing of debtor's bankruptcy petition. The Court reasoned that, under the exception of 11 U.S.C. § 552, the bank's security interest thus extended to the post-petition products and the proceeds from the sale of those products. In the instant case, Defendant, Old National Bank, asserts that it had a lien on all seed and inventory used in production; and, thus, the exception under 11 U.S.C. § 552(b) should apply resulting in a continuing lien on even those crops planted by the Debtors after the filing of their bankruptcy petition on June 8, 2002.

A careful review of both *In re Randall, supra,* and *In re Wiegmann, supra,* lead

this Court to conclude that the facts in *Randall* are clearly distinguishable from the facts in the instant case in that there was no finding in the *Randall* case indicating that the defendant bank had a prepetition security interest in inputs used to produce the crops planted post-petition. The Court finds that the facts of the instant case are more similar to the facts in *Wiegmann,* in that the Defendant, Old National Bank, had a security interest in seed and all inventory used to produce the crop in question. As such, the Bank's pre-petition lien should extend to the crops planted post-petition, which were the resulting produce of the seed and inventory used for their planting.

In conclusion, the Court finds that the exception of 11 U.S.C. § 552(b) applies to the instant fact situation such that Defendant, Old National Bank, is found to have a first priority lien on Debtors' crops planted after the date of the bankruptcy petition on June 8, 2002, and on any proceeds thereof.